UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ATHENA OF SC, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:15-CV-41-TAV-HBG |
| | ) | |
| JAMES F. MACRI, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

Defendants removed this civil action to this Court on the basis of diversity jurisdiction [Doc. 1 ¶¶ 9–15]. Pending before the Court are two motions to dismiss for failure to state a claim [Docs. 7, 9] and requests for oral argument on those motions [Docs. 14, 15], as well as a motion to remand to state court [Doc. 15]. Because the motion to remand is based upon subject matter jurisdiction, the Court addresses it first. Defendants James F. Macri, Jr. ("Macri") and Tennessee Land and Lakes, LLC ("Tennessee Land and Lakes") filed a response in opposition to the motion to remand [Doc. 23], and plaintiffs replied [Doc. 24]. After careful consideration of the motion to remand and the relevant law, the Court finds it well taken and will remand this action to the Knox County Circuit Court.

I. **Background**

Plaintiffs commenced this action in Knox County Circuit Court [Doc. 1-1]. Plaintiffs alleged the following claims: (1) fraud as to Macri and Tennessee Land and

Lakes, (2) intentional interference with business relationship as to Macri and Tennessee Land and Lakes, and (3) negligence as to defendant Gregory D. Shanks d/b/a Shanks and Blackstock, Attorneys [Doc. 1-1]. All defendants joined in removing the action to this Court on the basis of diversity [Doc. 1]. Defendants asserted that the amount in controversy exceeds $75,000 [Doc. 1-1 ¶¶ 11–13] and that no plaintiff is a citizen of the same state as any of the defendants [*Id.* ¶¶ 14–15].

After removal, defendants filed motions to dismiss for failure to state a claim [Docs. 7, 9]. Then, plaintiffs moved to remand, asserting this Court lacks jurisdiction because there is no federal question and because 28 U.S.C. § 1441(b)(2) bars removal. In response, Macri and Tennessee Land and Lakes claim this Court has jurisdiction because plaintiffs' state-law claims are created by federal law [Doc. 23].

**II.    Analysis**

When a plaintiff files a case in state court, a defendant—or the defendants—may remove it to federal court, so long as certain criteria are met. Section 1441 of Title 28 of the United States Code provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States . . . ." 28 U.S.C. § 1441(a). Federal courts, however, have limited original jurisdiction—"'[t]hey possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree.'" *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250 (6th Cir. 2011)

(omission in original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

This Court has original jurisdiction over "diversity actions;" that is, those "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). But "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought[,]" then the action may not be removed. 28 U.S.C. § 1441(b)(2). This is known as the forum-defendant rule. *Gilbert v. Choo-Choo Partners II, LLC*, No. 1:05-CV-99, 2005 WL 1719907, at *1 (E.D. Tenn. July 22, 2005). Hence, "even if there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal." *Id.* If a timely challenge is made to such defect in removal, then § 1447(c) directs the district court to remand the case. *See Southwell v. Summit View of Farragut, LLC*, 494 F. App'x 508, 511 n.2 (6th Cir. 2012) (recognizing that § 1441(b)(2) is non-jurisdictional and must be raised in a motion to remand).

Here, defendants do not contest § 1441(b)(2) bars removal, and there is no dispute that defendants are citizens of the state of Tennessee [*See* Doc. 1-1 at 8; Doc. 23]. Further, plaintiffs moved to remand on this basis within thirty days of the removal. Thus, § 1441(b)(2) bars removal and the Court must remand unless it finds the action presents a federal question. *See* 28 U.S.C. § 1331 ("The district courts shall have original

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

As noted, Macri and Tennessee Land and Lakes assert this Court has jurisdiction because plaintiffs' state-law claims are created by federal law. Specifically, they argue that "[t]he parties, the Rarity Bay assets, and the transactions involved in Doukas's allegations of fraud in this case are essentially the same as those in [*Stooksbury v. Ross et al.*, Case No. 3:12-CV-548-TAV-HBG,]" and that this is a "strike suit . . . in retaliation against [Tennessee Land and Lakes] because [Tennessee Land and Lakes] settled with [the plaintiff in that action and a related action]" [Doc. 23 p. 2 (footnote omitted)]. In other words, defendants assert this action "is nothing more than a federal RICO claim disguised as a state law claim in order to punish [Tennessee Land and Lakes] for settling with [the plaintiff]" [*Id.* at 3]. In support of this point, defendants argue plaintiffs cannot demonstrate that Tennessee Land and Lakes defrauded plaintiff Ted Doukas without alleging a conspiracy [*Id.* at 5, 11]. Plaintiffs counter that "[t]he allegations and claims are all based on Tennessee law" [Doc. 24 p. 3].

"To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson Cnty. v. Acker*, 527 U.S. 423, 430–31 (1999). This is known as the "well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In other words, "[a] cause of action arises under federal law only when the plaintiff's well-

4

pleaded complaint raises issues that involve federal law." *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 613 (6th Cir. 2001).

Here, on its face, the complaint raises issues that involve state law. There are, however, recognized exceptions to the well-pleaded complaint rule: (1) the artful-pleading doctrine; (2) the complete-preemption doctrine; and (3) the substantial-federal-question doctrine. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 561 (6th Cir. 2007) (en banc).

Under the substantial-federal-question doctrine, the removal court has jurisdiction when the "state-law claim necessarily state[s] a federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing a congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). In other words, a state-law claim arises under federal law where "the vindication of a right under state law depends on the validity, construction, or effect of federal law." *Mikulski*, 501 F.3d at 565. "The substantial-federal-question doctrine has three parts: (1) the state-law claim must necessarily raise a disputed federal issue; (2) the federal interest in the issue must be substantial; and (3) the exercise of jurisdiction must not disturb any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 568 (citations omitted). While defendants reference *Grable* in their brief, defendants make no argument with regard to these factors, nor do they otherwise persuade the Court that this exception applies here. And upon review of the record, the Court does not find that plaintiffs'

vindication of a right under state law depends upon the validity, construction, or effect of any federal law. The Court therefore finds this exception does not provide an avenue for jurisdiction.

Instead, while not using the terminology of "artful pleading," it appears defendants' focus is on the artful-pleading exception [*See* Doc. 23 p. 3 ("Put simply, Doukas's complaint is nothing more than a federal RICO claim disguised as a state law claim . . . ."); *Id.* at 4 ("Doukas's claims are simply a disingenuous re-characterization of Stooksbury's federal RICO claims . . . ."); *Id.* at 5–6, 10–11 (discussing elements of fraud claim and RICO claim)]. "Under the artful-pleading doctrine, a federal court will have jurisdiction if a plaintiff has carefully drafted the complaint so as to avoid naming a federal statute as the basis for the claim, and the claim is in fact based on a federal statute." *Id.* (citation omitted). "A defendant raising this doctrine may not rely on facts not alleged in the complaint." *Id.* (citation omitted). It is rare that a federal court will "seek to determine whether the real nature of the claims is federal, regardless of plaintiff's characterization[;] [instead] most [removal courts] correctly confine this practice to areas of the law pre-empted by federal substantive law." *Id.* Under the complete-preemption doctrine, jurisdiction exists when Congress has "intend[ed] the preemptive force of a federal statute to be so extraordinary that 'any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.'" *Id.* at 563. There is no suggestion or argument by defendants that any federal law preempts state law here. Indeed, the "Supreme Court has

6

found complete preemption in only three classes of cases: Section 301 of the Labor Management Relations Act of 1947 . . . ; the Employee Retirement Income Security Act of 1975 . . . ; and the National Bank Act . . . ." *Id.* at 564–63 (citation omitted). This action does not fall within any of these classes of cases. And to the extent defendants assert the claims against them are in fact based upon a federal statute (RICO) because plaintiffs cannot assert fraud without alleging "that a co-conspirator engaged in predicate acts" [Doc. 23 p. 3–4; *Id.* at 11 ("[I]f Doukas wants to maintain his current and insufficient claim, he eventually must amend his complaint to include allegations of conspiracy, which will ultimately resemble Stooksbury's federal RICO claims.")], that argument is better suited for whether plaintiffs have, in fact, stated state-law claims.

Accordingly, and considering that all doubts about removal should be resolved against removal, *Leys v. Lowe's Home Ctrs., Inc.*, 601 F. Supp. 2d 909, 916 (W.D. Mich. 2009), the Court finds there is no federal-question jurisdiction here. This finding is bolstered by the principle that a plaintiff is the "master of the complaint," *Caterpillar Inc.*, 482 U.S. 386, 398–99 (1987), and is free to rely upon state law to keep his case out of federal court, *id.* at 399.[1]

---

[1] Defendants assert that remanding this case to state court will waste judicial resources and unjustly protract the same case in different forums [Doc. 23 p. 12–13]. Even if so, this is not a basis for the Court to assert subject matter jurisdiction over this action, and defendant cites no case to the Court that would suggest it is.

7

Having determined this case should be remanded, the Court must examine plaintiffs' request for attorney fees. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of fees is appropriate only where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 523 (6th Cir. 2012) (denying request for fees and costs where "question of complete preemption . . . is a close one"). The district court retains discretion in determining whether to award fees, and the test for an award "recognize[s] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the party, while not undermining Congress' basis decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140–41.

The Court finds defendants lacked an objectively reasonable basis for removal—defendants removed this action on the basis of diversity, but such removal was undoubtedly improper under § 1441(b)(2). This conclusion is bolstered by the fact that defendants did not assert federal-question jurisdiction until faced with plaintiffs' motion to remand [*See* Doc. 10 p. 7 (noting in its motion to dismiss for failure to state a claim that "[t]he present case is litigation filed pursuant to the laws of the State of Tennessee and is removed to this Court under its diversity of citizenship jurisdiction and the amount

8

in controversy")]. Accordingly, the Court will award fees and costs associated with plaintiffs' defense against the removal of this action.[2]

### III. Conclusion

For the reasons set forth herein, the Court will **GRANT** plaintiffs' motion to remand [Doc. 15] and **REMAND** this action to Knox County Circuit Court. Plaintiffs shall **FILE** an itemized schedule of fees and costs associated with defending against the defendants' removal of this action, supported by a sworn affidavit, no later than **fourteen days** of the entry of this memorandum opinion and corresponding order. Further, pursuant to 28 U.S.C. § 636, the issue of fees and costs is hereby **REFERRED** to Magistrate Judge H. Bruce Guyton for his consideration and report and recommendation.

ORDER ACCORDINGLY.

```
                                s/ Thomas A. Varlan
                                CHIEF UNITED STATES DISTRICT JUDGE
```

---

[2] The Court will refer the matter of fees and costs to the magistrate judge for his consideration and recommendation, but remand and close this case. *See Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 525, 257 (6th Cir. 1997) (holding that "a district court, after issuing an order of remand, may make an award of attorney fees and costs in a separate order").