UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ATHENA OF S.C. LLC, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CV-41-TAV-HBG |
| | ) | |
| JAMES F. MACRI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the District Judge.

Now before the Court is an Application for Attorney Fees Incurred in Defending Against Defendants' Notice of Removal [Doc. 29], filed by Plaintiffs Athena of S.C. LLC, Ted Doukas, and American Harper Corporation. Plaintiffs submit a claim for fees of $1,645.00, representing compensation for the work performed by their counsel in defending against Defendants' Notice of Removal and in moving for remand back to the Circuit Court for Knox County, Tennessee. Plaintiffs move the Court to order the Defendants to pay this amount to the Plaintiffs immediately.

As an initial matter, the Court finds that the Defendants have not responded in opposition to Plaintiffs' application, and the Court finds that the time for doing so has expired. See E.D. Tenn. L.R. 7.1; Fed. R. Civ. P. 5, 6. The Court may treat the failure to present a timely response to be acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2. Thus, the Court finds that the

Plaintiffs' request for an award of attorneys' fees could be granted based upon the lack of timely opposition alone.

Notwithstanding, the Court has reviewed the Plaintiffs' application, the supporting affidavit, the summary of professional time, and the detailed time entries. The Court finds both that the amount of time expended is reasonable and the hourly rate charged ($175 per hour) is reasonable. Accordingly, the Court finds that the Plaintiffs' requested relief is well-taken.

Based upon the foregoing, the undersigned **RECOMMENDS**[1] that:

1. The Plaintiffs' Application for Attorney Fees Incurred in Defending Against Defendants' Notice of Removal **[Doc. 29]** be **GRANTED**, as follows;

2. The Defendants be **ORDERED** to pay **$1,645.00** to the Plaintiffs, to compensate for attorneys' fees incurred defending against removal; and

3. The Defendants be **ORDERED** to remit this payment to Plaintiffs within **thirty (30) days** of issuance of an Order adopting this Report and Recommendation.

Respectfully Submitted,

*/s/ Bruce Guyton*
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).